UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY DARNELL DUNOMES,

                Petitioner,

v.

SCOTT RUSSELL,

                Respondent.

CASE NO. C12-5456 BHS

ORDER ADOPTING REPORT AND RECOMMENDATIONS

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 21), and Petitioner Larry Dunomes's ("Dunomes") objection to the R&R (Dkts. 22 & 23-1). The Court has considered the R&R, Dunomes's objections and the remaining record, and hereby adopts the R&R for the reasons stated herein.

## I.  PROCEDURAL AND FACTUAL HISTORY

This matter arises out of a challenge by Dunomes to his state conviction. *See* Dkts. 1 & 15. Under the State of Washington's persistent offender statute, Dunomes was sentenced to life in prison without the possibility of parole for two counts of first degree attempted murder and one count of bribing a witness. Dkt. 17, Ex. 1. Dunomes directly

appealed his case to the Washington State Court of Appeals. Dkt. 17, Exs. 3 & 5. Dunomes also made a motion to modify, which was transferred from the Superior Court to the Washington State Court of Appeals to be addressed as a personal restraint petition (PRP). *Id.*, Ex. 10.

The Washington State Court of Appeals consolidated the direct appeal with the personal restraint petition and affirmed the conviction and the life without the possibility of parole sentence, but the Washington State Court of Appeals remanded the case to Superior Court so that a scrivener's errors in the judgment and sentence could be addressed. The Washington State Court of Appeals directed that the merger of the assault convictions with the attempted murder convictions should be clearly reflected in the judgment and sentence and that it should be made clear that the two attempted murder convictions ran consecutively to each other, but that the bribing a witness sentence ran concurrently with the first attempted murder sentence. Dkt. 17, Ex. 2 at 30.

Dunomes filed a motion for discretionary review with the Washington State Supreme Court and he also filed several motions including a "Motion for Violation of U.S. Federal Constitutional Right to 60 day Speedy Trial," a "Motion for Violation of Untimely Arraignment and Trial," and a "Motion to Terminate Legal Financial Obligations." Dkt. 17, Exs. 15-18. He had seven other grounds on which he sought discretionary review. Dkt. 17, Ex. 15 at 1-2. The Washington State Supreme Court denied review and denied all motions without comment. Dkt. 17, Ex. 19.

On May 22, 2012, Dunomes filed his complaint against respondent Scott Russell ("Russell"), seeking relief pursuant to 28 U.S.C. § 2254. Dkt. 1. He challenged his

conviction and sentence on nine grounds: (1) classification as a persistent offender; (2) imposition of the persistent offender sentence; (3) violation of 60-day speedy trial rights; (4) untimely arraignment and trial; (5) insufficient evidence to support bribery (unanimous verdict); (6) cumulative errors; (7) insufficient trial counsel; (8) constitutional right to remain silent; (9) double jeopardy and double jeopardy merger (Dkt. 1 at 2, 5-9, 18-23 & 29). On August 29, 2012, he added an additional ground for relief by filing an amended petition regarding his alleged speedy sentencing violation. *See* Dkt. 15.

On November 1, 2012, Judge Creatura issued an R&R (Dkt. 31) wherein he recommended that Dunomes's petition be denied because four of his grounds for relief are procedurally barred[1] and the remaining six grounds for relief are without merit.[2] Dkt. 21 at 1-2. Judge Creatura also found that Dunomes's classification as a persistent offender and his life sentence were within constitutional standards. *Id*. at 2. He further concluded that no violation of Dunomes's federally protected right to speedy trial had occurred. Finally, the magistrate judge found that that Dunomes's defense counsel had provided him constitutionally adequate representation when the attorney objected to a

---

[1] Judge Creatura found the following four grounds procedurally barred: (5) insufficient evidence to support bribery (unanimous verdict); (6) cumulative errors; (9) double jeopardy and double jeopardy merger; and (10) speedy trial sentencing violation.

[2] Judge Creatura also found the remaining six grounds without merit: (1) classification as a persistent offender; (2) imposition of the persistent offender sentence; (3) violation of 60-day speedy trial rights; (4) untimely arraignment and trial; (7) ineffective counsel; and (8) constitutional right to remain silent.

portion of the prosecution's closing argument and obtained a curative instruction, which was emphasized in his closing. *Id*.

On November 13, 2012, Dunomes filed a document generally stating that he objects to the R&R. Dkt. 22. On November 15, 2012, Dunomes filed two more documents: a motion for objections to the R&R and an affidavit in support of that motion; the latter document contains Dunomes's specific objections. Dkt. 23 and 23-1. The Court accepts Dkt. 23-1 as Dunomes's objections to the R&R. Dunomes raises six objections to the R&R, not all of which are clearly articulated. Each will be addressed below.

## II.  DISCUSSION

**A.     Standards of Review**

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac*, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [Dunomes] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. *Estelle v.*

*McGuire*, 502 U.S. 62 (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d).  Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**B.     Objections to the R&R**

   **1.     Exhaustion of Remedies**

In his objections, Dunomes asserts that he exhausted his remedies by appealing to the Washington State Court of Appeals, Division II, and the Washington State Supreme Court. Dkt. 23-1 at 1.  He claims Judge Creatura overlooked this. *Id*.  To the contrary, Judge Creatura fully examined whether Dunomes had exhausted his remedies, including reviewing Dunomes's appeals to the aforementioned courts. *See* Dkt. 11-13.  The Court agrees with Judge Creatura's legal analysis and conclusions that the four grounds for relief Dunomes raises in his petition (insufficient evidence to support bribery; cumulative trial errors; double jeopardy and double jeopardy merger; and a speedy trial sentencing violation) are procedurally barred because either Dunomes has not presented all of his federal claims to the highest court; he may not return to state court to cure any procedural

defects in his pleadings; or his failure to raise grounds for federal issues at every level of the state review precludes the Court from addressing those issues. *Id.*  Additionally, no exceptions to the procedural bar apply to Dunomes's claims. *Id.*

Therefore, the Court adopts the R&R on this issue.

**2.    Persistent Offender Classification and Equal Protection[3]**

Dunomes appears to object to Judge Creatura's R&R on the basis that the classification of "persistent offender" violates his constitutional right to equal protection under the law. Dkt. 23-1 at 2. To support his statement, Dunomes cites *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000)).

Judge Creatura considered Dunomes's arguments that a jury, not a trial court, needed to find that Dunomes's prior convictions existed for the purposes of imposing a persistent offender sentence and that the imposition of a persistent offender sentence violates his equal protection rights.  Dkt. 21 at 15-16.  The Court agrees with Judge Creatura's analysis that under *Apprendi* and *Blakley v. Washington*, 524 U.S. 296, 301 (2004), Dunomes's prior convictions need not be presented to a jury. In *Blakely*, the Supreme Court clearly stated that:

> This case requires us to apply the rule we expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

---

[3] This section addresses two of the five objections (Dkt. 23-1 at 1 and 2) Dunomes makes to the R&R.

1  Dunomes is now reasserting the same arguments he made before Judge Creatura.  Based

2  on the discussion above, a review of the state court decisions on this issue as well as

3  consideration of Dunomes's prior submissions on this matter, the Court agrees with

4  Judge Creatura's legal analysis and conclusion that Dunomes has failed show that the

5  ruling of the state court was contrary to or involved an unreasonable application of

6  clearly established federal law, as determined by the Supreme Court. *See* Dkt. 21 at 15-16

7  & 28 U.S.C. § 2254(d).  Nor did Dunomes show that the decision of the state court

8  resulted in a decision that was based on an unreasonable determination of the facts in

9  light of the evidence.  *Id.*

10       Therefore, the Court adopts Judge Creatura's R&R on this issue.

11       **3.  Speedy Trial**

12       Dunomes objects to the R&R on the basis that his right to a speedy trial was

13 violated.  Dkt. 23-1 at 2. He argues that the Court should have dismissed the indictment,

14 charge or complaint because the Government failed to bring the case to trial more than 70

15 days after he had been charged with a crime, as required by 18 U.S.C. § 3161.  *Id.*

16 According to Dunomes, failing to do so violated his federal Sixth Amendment right to a

17 speedy trial.  *Id.*

18       In Dunomes's criminal trial, the state superior court granted multiple

19 continuances, although the record is lacking in detail regarding some of the continuances.

20 There was a six-month delay from the time Dunomes was first arraigned on May 19,

21 2008 until the charges were amended a second time on November 14, 2008. The first

22 continuance was agreed to by the parties because discovery was still ongoing.  Dkt. 17,

1  Ex. 14.  The second continuance was on the Court's own motion because it discharged

2  defense counsel at Dunomes's request.  *Id*.  A new trial date of December 2, 2008 was

3  entered.  *Id*.  At some point, the state court granted an additional continuance of the trial

4  on the state's motion, although Dunomes asserted that he wanted to keep his December 2,

5  2008 trial date.  Dkt. 21 at 17-18 & 17, Ex. 14.  Judge Creatura reviewed the state's

6  reasons for seeking to amend the charges, as offered in the November 14, 2008 hearing

7  on its motion to amend the charges and re-arraigning Dunomes. The R&R reads in

8  relevant part:

> The trial court continued the trial a third time on November 14, 2008 when petitioner was arraigned on an amended information that added charges of attempted murder and bribing a witness.  Petitioner contested this continuance.  The verbatim transcript of the third continuance is attached to petitioner's reply brief (ECF No. 17, Exhibit 14). The length of delay is not unduly long given the reasons for delay and the first two factors, the length of delay and the reason for the delay, support the finding of no speedy trial violation.
> 
> On November 14, 2008, petitioner clearly stated that he wanted to keep his December 2, 2008 trial date and objected to amendment of the charges (ECF No. 17, Exhibit 14, Verbatim transcript of the November 14, 2008 hearing), but, as the prosecution explained, additional information had been provided to the prosecution. Indeed, petitioner's call to his former wife where he offered her money not to testify would not have occurred before the first arraignment which was held in May of 2008.  Further, the prosecution stated on the record that since the filing of the first information they had received supplemental police reports that contained transcribed statements (ECF No. 17, Exhibit 14, (page 59 of the November 14, 2008 hearing)).

19  While the Court finds a discussion of the state's reasons for seeking to amend the

20  charges based on recently discovered evidence as well as the Court's determination that

21  the state's motion is granted, the transcript of the November 14, 2012 hearing submitted

22  to this Court does not show that the trial court granted a continuance on that particular

day. *See* Dkt. 17, Ex. 14. Nor does the record, including Dunomes's pleadings, contain any information about when any further continuances were actually granted.  In this case, the actual timing of the entry of the order granting another continuance does not alter the conclusion that no speedy trial violation occurred.

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. U.S. Const. amend. VI. This right to speedy justice "is as fundamental as any of the rights secured by the Sixth Amendment." *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967).  To evaluate alleged violations of a petitioner's Sixth Amendment right to a speedy trial, the Court must balance: (i) the length of delay; (ii) the reason for the delay; (iii) defendant's assertion of his right; and (iv) prejudice to defendant.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972). There is no bright-line test for determining if a speedy trial right has been violated.  In reviewing a claim, the Court must apply a flexible "functional analysis" of Dunomes's right in the context of the case, weighing the four different factors. *Barker*, 407 U.S. at 522.

Although neither the parties nor the state court records submitted to this Court indicate the exact length of delay resulting from the third or any other continuances, at no point has Dunomes sufficiently demonstrated how any specific prejudice resulted from the delay.[4]  Additionally, while Dunomes asserted his right to maintain the December 2,

---

[4] The record is not clear as to what occurred between Dunomes's March 2009 release from Western State Hospital (WSH) and the December 2, 2009 trial.  However, it is clear from the record that Dunomes requested a competency evaluation, post the November 14, 2008 hearing. Dkt. 17, Ex. 2 at 5. Dunomes's reply brief to Washington State Court of Appeals, Div. II, indicates that he was admitted to WSH on December 2,

1  2008 trial date, he has not shown that the continuances sought by the state or the court's

2  reasons for granting them were unreasonable.  As the Washington State Court of Appeals

3  stated:

4        Dunomes does not explain why he contends the trial court acted
improperly by granting continuances or why he now objects. The record
5  indicates that the trial court signed three orders continuing trial for purposes
of discovery, reassignment of counsel, and accommodating both the
6  parties' and the court's schedule. Similarly, Dunomes does not explain, nor
does the record show, that these court-ordered continuances either harmed
7  him, prejudiced his right to present a defense, or violated his right to a
speedy trial ....

8

9  Dkt. 17, Ex. 2 at 36.  A determination of a factual issue by a state court shall be presumed

10  correct, and the applicant has the burden of rebutting the presumption of correctness by

11  clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  Here, Dunomes still has not met

12  his burden because he has failed to provide facts which demonstrate that "the Court-

13  ordered continuances either harmed him, prejudiced his right to present a defense, or

14  violated his right to a speedy trial." Dkt. 17, Ex. 2 at 36.  Thus, weighing the four factors

15  based on the record before it, the Court concludes that Dunomes's right to a speedy trial

16  _____

17  2008, the date for which his trial was scheduled. Dkt. 17, Ex. 14 at 19. Based on Dr.
Edward Kelly's report, the trial court found him incompetent to stand trial at that time.
18  Dkt. 17, Ex. 2 at 5. In March of 2009, Dunomes was released from WSH after a 90-day
commitment, the purpose of which was to restore Dunomes to competency. *Id*. While
19  the delay between Dunomes's release from WSH and his trial appears rather long,
nothing in the record indicates that Dunomes is challenging this delay or any
20  continuances related to or after his WSH evaluation or commitment. The record,
including, but not limited to, the Washington State Court of Appeal's decision as well as
21  the parties' briefing, is devoid of information about that delay or facts which would
indicate that Dunomes is alleging it violated his right to a speedy trial.
22

ORDER - 10

has not been violated.  The Court finds the ruling of the Washington State Court of Appeals, holding no speedy trial violation occurred, did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. § 2254(d).

Therefore, the Court adopts the magistrate judge's conclusion in the R&R on this issue.

**4.     Untimely Arraignment and Trial**

Dunomes objects to the R&R on the basis that his arraignment and trial were untimely.  Dkt. 23-1 at 3. His arguments regarding his alleged "untimely arraignment" are fundamentally the same as his argument that he was denied a right to a speedy trial. *Id.*  Additionally, he alleges that his untimely arraignment and trial resulted in "undue prejudice," and "spoliation and insufficiency of evidence" in violation of his constitutional rights.  *Id.*

As discussed above, the state filed amended charges against Dunomes twice. Dunomes was re-arraigned based on the amended charges.  During this time, the Court granted a number of continuances because the parties agreed to the necessity of further discovery, due to Dunomes's reassignment of counsel and to accommodate both the parties' and the court's schedule. *See supra.* For the same reasons this Court found no speedy trial violation, it finds the continuances granted did not violate his constitutional rights to a timely arraignment or speedy trial.  Dunomes's arguments regarding undue

1 prejudice resulting from spoliation and insufficiency of evidence are neither thoroughly
2 explained nor legally supported. Thus, they do not provide the Court with a clear and
3 specific objection to the R&R.
4       Therefore, the Court adopts the R&R on this issue.

### III.  CONCLUSION

Therefore, it is hereby **ORDERED** that the R&R (Dkt. 21) is **ADOPTED** for the reasons stated herein.

Dated this 3rd day of January, 2013.

BENJAMIN H. SETTLE  
United States District Judge